IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTEN FORREST,

    Plaintiff

v.

GENPACT SERVICES, LLC,

    Defendant

NO. 3:12-CV-2249

JUDGE NEALON

FILED
SCRANTON
AUG 2 6 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Kristen Forrest, initiated this matter by filing a complaint on November 12, 2012 against the Defendant, Genpact Services, LLC, alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by placing calls to Plaintiff's cell phone while attempting to collect a debt using equipment prohibited by the TCPA. (Doc. 1). On December 10, 2012, Defendant filed an answer with affirmative defenses (Doc. 4), but subsequently filed a motion for judgment on the pleadings (Doc. 6) pursuant to Federal Rule of Civil Procedure 12(c) on March 28, 2013. On April 1, 2013, Defendant filed a brief in support of the motion for judgment on the pleadings; on April 19, 2013, Plaintiff filed a brief in opposition; and on May 10, 2013 and May 13, 2013, Defendant filed a reply brief. (Docs. 7 & 10-12). Defendant's motion for judgment on the pleadings (Doc. 6) is now ripe for disposition and for the reasons that follow will be denied.

## STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings are closed, any party may move for judgment on the pleadings. A Rule 12(c) motion is designed to provide

a means for disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice. See Charles Alan Wright and Arthur B. Miller, Federal Practice and Procedure, § 1367. A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner. See id. at § 1369.

In deciding a motion for judgment on the pleadings, a court must consider the facts alleged in the pleadings and the inferences drawn from these facts in the light most favorable to the nonmoving party. See Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery County, 271 F.3d 140, 144-45 (3d Cir. 2001); McCoy v. Southeastern PA. Transp. Auth., No. 01-5881, 2002 WL 376913, at *1 (E.D. Pa. 2002). The motion may only be granted if there are no factual allegations in the pleadings which, if proven, would allow the nonmoving party to recover. See Oxford Assocs., 271 F.3d at 144-45; McCoy, 2002 WL 376913 at *1.

**FACTUAL ALLEGATIONS**

Defendant caused "an excessive number of calls to be placed to Plaintiff's cell phone while attempting to collect a debt." (Doc. 1, ¶ 1). Specifically, Defendant called Plaintiff over 225 times in a 54-day period using either an automatic telephone dialing system or an artificial or prerecorded voice. (Doc. 1, ¶¶ 14-15). The phone number called was "assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls." (Doc. 1, ¶ 10). At all relevant times, Plaintiff was a "consumer" and Defendant was a "debt collector" as the terms are defined under the FDCPA and Plaintiff allegedly owed a "debt" as the term is defined under the FDCPA and Defendant was attempting to collect that debt. (Doc. 1, ¶¶ 7-8 & 11-12). The calls

"were made willfully and/or knowingly" and "were placed repeatedly and continuously with the intent to harass, annoy and abuse Plaintiff." (Doc. 1, ¶¶ 19 & 25).

**DISCUSSION**

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) regarding Plaintiff's TCPA claims by making the following arguments: (1) Plaintiff's TCPA claims must be dismissed because Plaintiff fails to allege she actually answered the calls to her cell phone, which is required to prevail under 47 U.S.C. § 227(b)(1)(A)(iii); and (2) Plaintiff's TCPA claims must be dismissed because calls made for debt collection purposes do not fall under the ambit of the TCPA. (Doc. 7, pp. 3-8). Defendant also argues that Plaintiff's FDCPA claim fails because Plaintiff sets forth no factual allegations but merely conclusory recitations of the statutory language. (Doc. 7, p. 9).

Defendant points out that Plaintiff has alleged that Defendant was attempting to collect a debt and argues that the TCPA does not apply to debt collection calls which fit into the codified FCC exemption for calls made to a person with whom there is an established business relationship. (Doc. 7, p. 7), citing Linko v. American Education Services, 2012 U.S. Dist. LEXIS 58351 (M.D. Pa. April 26, 2012) (Jones, J.) and 47 C.F.R. § 64.1200(a)(2)(iv). Plaintiff counters that while debt collection calls to <u>landline or residential</u> numbers are not covered by the TCPA because of the established business relationship exemption, debt collection calls to <u>cellular</u> numbers are covered by the Act because different exemptions apply. (Doc. 10, pp. 11-12), citing Stuart v. AR Resources, Inc., 2011 U.S. Dist. LEXIS 27025 (E.D. Pa. March 16, 2011) (Buckwalter, J.). Subsequent to the parties' filings on the issue, the United States Court of Appeals for the Third Circuit addressed the issue on August 22, 2013 finding that "there is no

established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones." Gager v. Dell Financial Services, LLC, 2013 U.S. App. LEXIS 17579, *20 (3d Cir. 2013). In Gager, the Third Circuit Court of Appeals stated that "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls"[1] and that TCPA applies to debt collection calls to cellular phones. Id. at *5. Accordingly, Defendant's argument that Plaintiff has failed to state a claim under the TCPA because the TCPA does not apply to debt collection calls will be rejected based on Third Circuit precedent.

Defendant argues that Plaintiff's TCPA claims must fail because she fails to allege that she actually answered the calls, which is required under 47 U.S.C.§ 227(b)(1)(A)(iii). A claim under said statute has three elements: (1) "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)"; (2) "using any automatic telephone dialing system or an artificial or prerecorded voice"; and (3) "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C.§ 227(b)(1)(A)(iii). Plaintiff alleges that "Defendant called[2] Plaintiff's cell phone number" "for which Plaintiff incurs a charge for incoming calls" "using either an automatic

---

[1] On prior occasions, the Third Circuit has held that Congress enacted the TCPA to "deal with an increasingly common nuisance-telemarketing" and "to control residential telemarketing practices." ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 514 (3d Cir. 1998), citing 47 U.S.C. § 227, Congressional finding No. 3; see also Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 76 (3d Cir. 2011).

[2] At this summary stage the Court is reading the pleadings in the light most favorable to the nonmovant, accordingly "called" in paragraph 14 of the complaint will be construed to mean to have made a call. Plaintiff refers to the 225 calls as "calls made to Plaintiff's cell phone." (Doc. 1, ¶ 15) (emphasis added).

4

telephone dialing system . . . or an artificial or prerecorded voice." (Doc. 1, ¶¶ 10, 14-15) (emphasis added). Accordingly, Plaintiff has set forth a cause of action under the TCPA. Judicial economy requires the Court to determine legal issues as they are ripe. Following discovery, a factual determination can be made as to whether the calls to Plaintiff's cell phone were answered or went to voicemail and, at that time, a decision as to whether section 227(b)(1)(A)(iii) distinguishes between answered and unanswered calls to cellular phones will be more appropriate.[3] Because Plaintiff has set forth a cause of action under the TCPA in the complaint, Defendant's motion will be denied.

Lastly, Defendant moves for judgment on the pleadings regarding Plaintiff's claim under the FDCPA. (Doc. 7, p. 9). Specifically, Defendant argues that Count 4 is a conclusory allegation which recites the statutory language verbatim. In response, Plaintiff argues that the volume of calls alleged, 225 calls in a 54-day time-period, is sufficient to allege a violation of 15 U.S.C. §1692d(5) and that courts have found that the intent to annoy or harass may be inferred by the number of calls. (Doc. 10, pp. 14-16). In its response brief, Defendant argues and cites case law holding that a high number of calls by itself, when the debtor fails to respond or answer, does not constitute a violation of the FDCPA as a matter of law. However, it cannot be inferred from the pleadings that Plaintiff never answered or responded to any of the alleged 225 calls. Reading the complaint in its entirety and making all reasonable inferences in the light most favorable to the nonmovant, including the allegation that Defendant called Plaintiff 225 times in

---

[3]Notably, the Ninth Circuit Court of Appeals in defining the phrase "to make any call" under 47 U.S.C. § 227(b)(1)(A), determined this includes "to communicate with or try to get into communication with a person by a telephone." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

5

a 54-day time-period, it is determined that the complaint adequately pleads a cause of action under the FDCPA. A summary dismissal on the pleadings would be inappropriate based on the facts alleged.

**CONCLUSION**

Defendant's motion pursuant to Rule 12(c) will be denied. Because communications made in an attempt to collect a debt to a cellular phone are not exempt from the TCPA, and because Plaintiff has alleged that Defendant made calls to her cell phone, Defendant's motion to dismiss Counts 1 through 3 will be denied. Because Plaintiff has sufficiently pled a claim under the FDCPA, Defendant's motion regarding Count 4 of the complaint, will be denied.

Date: August 26, 2013

**United States District Judge**